UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK GUILLORY,
                        Plaintiff,

v.                                           5:21-CV-073 (GLS/ATB)

BRIAN BENEDICT and ST. JOSEPH'S HOSPITAL,
                        Defendants.

PATRICK GUILLORY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

The Clerk has sent to the court for review a complaint brought pursuant to 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, filed by plaintiff Patrick Guillory. (Dkt. No. 1) ("Compl."). Plaintiff has also moved to proceed in forma pauperis (Dkt. No. 2), and for court appointed counsel (Dkt. No. 3).

**I.**    **IFP Application**

Plaintiff declares in his IFP application that he is unable to pay the filing fee. (Dkt. No. 2). After reviewing his application, this court finds that plaintiff is financially eligible for IFP status.

However, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915

(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974).  Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II.   Complaint

Plaintiff alleges that on January 20, 2021 at approximately 12:15 a.m., he entered "defendant's establishment" to drop of his girlfriend's cell phone and charger.  (Compl.

at 2). When he attempted to exit the hospital lobby, plaintiff was "attacked by security staff . . . and suffered right hand, right elbow, and back injuries." (*Id.*). Plaintiff asserts that he was attacked in retaliation for previously filing a lawsuit against defendant Brian Benedict, Chief of Security at defendant St. Joseph's Hospital ("SJH")[1]. Specifically, plaintiff alleges that three weeks before January 20, 2021 he filed a complaint against Benedict in small claims court because, on a prior occasion, "[Benedict's] officers used excessive force against [him]." (*Id.*). Plaintiff states that SJH surveillance video from January 20, 2021 shows that unidentified security personnel were "ordered by defendant Brian Benedict to beat [plaintiff] for filing a lawsuit against [him]." (*Id.*).

Plaintiff's complaint states separate causes of action for retaliation and excessive use of force under § 1983. Plaintiff has simultaneously submitted a form complaint pursuant to Title VII of the Civil Rights Act of 1964, alleging the same causes of action. (*Id.* at 8-12).

### III. Section 1983

#### A. Legal Standards

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law,

---

[1] The entity which plaintiff refers to as "St. Joseph's Hospital," is also known as "St. Joseph's Health." *See* https://www.sjhsyr.org/.

or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors, and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); see also *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

For the purposes of section 1983, the actions of a nominally private entity are attributable to the state when: "(1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ('the compulsion test'); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity 'has been delegated a public function by the [s]tate,' ('the public function test')." *Caballero v. Shayna*, No. 18-CV-1627, 2019 WL 2491717, at *3 (E.D.N.Y. June 14, 2019) (citing *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (quoting *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012)).

**B. Application**

Plaintiff is suing SJH, a private medical institution.[2]  He alleges no facts

---

[2] "St. Joseph's Health is a regional non-profit health care system based in Syracuse, New York." https://www.sjhsyr.org/about-us.

4

suggesting that the hospital is a state actor under any of the aforementioned exceptions, or describing how SJH's actions are otherwise "fairly attributable to the state." Likewise, SJH employee Benedict is also a private actor. Because plaintiff has failed to plausibly allege that either named defendant acted under color of state law, the complaint fails to state any claims for relief under § 1983. *See White v. St. Joseph's Hosp.*, 369 Fed. App'x 225, 226 (2d Cir. 2010) ("[P]rivate actors and institutions, such as the hospitals . . . named as defendants in [plaintiff's] complaint, are generally not proper § 1983 defendants because they do not act under color of state law."). Accordingly, the district court should dismiss plaintiff's retaliation and excessive force claims alleged pursuant to § 1983.

## IV. Title VII

Plaintiff has also filed a form Title VII complaint with the court, but does not appear to allege employment discrimination.[3] Rather, plaintiff claims that he was assaulted by the security staff at SJH on January 20, 2021, in retaliation for filing a lawsuit against defendant Benedict alleging a prior incident during which plaintiff was the victim of excessive force at SJH.

### A. Legal Standards

Title VII of the Civil Rights Act of 1964 includes an anti-retaliation provision, making it unlawful "for an employer to discriminate against any of his employees . . . because [the employee] has made a charge, testified, assisted, or participated in any

---

[3] Plaintiff wrote "N/A" with respect to whether his action involved "employment discrimination based on race, color, religion, sex or national origin." Title VII. (Compl. at 9, ¶ 4).

manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "This anti-retaliation provision is intended to further the goals of the anti-discrimination provision 'by preventing an employer from interfering (through retaliation) with an employee's efforts to secure or advance enforcement of [Title VII's] basic guarantees.'" *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010). In order to present a prima facie case of retaliation under Title VII, a plaintiff must adduce "evidence sufficient to permit a rational trier of fact to find (1) that [ ] he engaged in protected participation or opposition under Title VII, (2) that the employer was aware of this activity, (3) that the employer took adverse action against the plaintiff, and (4) that a causal connection exists between the protected activity and the adverse action, *i.e.*, that a retaliatory motive played a part in the adverse employment action." *Cifra v. General Electric Co.*, 252 F.3d 205, 216 (2d Cir.2001).

### B.   Application

Plaintiff fails to assert any facts even suggesting that he enjoyed an employment relationship with SJH,[4] potential or realized–an essential element of any Title VII claim. The complaint also makes clear that plaintiff's alleged "protected activity" did not involve the assertion of any right under Title VII. Plaintiff's prior lawsuit against defendant Benedict was based on allegations of excessive force while he was visiting the hospital. As plaintiff does not plausibly state a cause of action, for retaliation or

---

[4]As to plaintiff's claim against defendant Benedict, Title VII does not allow for individual liability. *See Berger v. New York State Office for People with Developmental Disabilities*, No. 6:16-CV-1277 (LEK/ATB), 2019 WL 4805389, at *2-3 (N.D.N.Y. Sept. 30, 2019) (dismissing Title VII claims, including retaliation claims, against individual defendants in their individual and official capacities).

any other Title VII violation, this claim should be dismissed.

## V.     Subject Matter Jurisdiction - Diversity Jurisdiction

### A.     Legal Standard

Federal courts exercise limited jurisdiction pursuant to Article III of the Constitution. A court may exert subject matter jurisdiction over claims in which: (1) there is a federal question in that a colorable claim arises under the Constitution, laws or treaties of the United States, and/or if (2) there is complete diversity of citizenship between each plaintiff and all defendants and a minimum of $75,000 in controversy.  28 U.S.C. §§ 1331, 1332.  In the absence of a basis for exercising jurisdiction, the case must be dismissed. See Fed. R. Civ. P. 12(h)(3).

### B.     Application

As previously discussed, the court recommends dismissing the federal claims raised in the complaint, namely plaintiff's alleged § 1983 and Title VII causes of action. To the extent that plaintiff's complaint attempts to allege claims outside the court's federal question jurisdiction, diversity jurisdiction would be required.[5]  However, the complaint clearly articulates that the parties are not diverse:  plaintiff concedes that plaintiff and both defendants "reside" in New York State.  (Compl. at 1; Dkt. No. 1-1 at 1).  He makes no further allegations regarding citizenship.  Accordingly, plaintiff has failed to invoke this court's diversity jurisdiction.  *See Herrick Co., Inc. v. SCS Commc'n, Inc.*, 251 F.3d 315, 322-23 (2d Cir. 2001) (The party seeking to invoke the

---

[5]This is assuming that plaintiff has stated some sort of legal basis for his non-federal claims.  Here, plaintiff appears to have plead only federal claims and statutes in his complaint, presenting another reason for the court to dismiss for lack of subject matter jurisdiction.

court's jurisdiction bears the burden of "demonstrating that the grounds for diversity exist and that diversity is complete.") (citations omitted).  Because plaintiff has failed to state any claims for relief invoking either the court's federal question jurisdiction or diversity jurisdiction, dismissal is warranted for lack of subject matter jurisdiction.

## VI.    Opportunity to Amend

### A.    Legal Standards

Generally, before the court dismisses a pro se complaint or any part of the complaint sua sponte, the court should afford the plaintiff the opportunity to amend at least once, however, leave to re-plead may be denied where any amendment would be futile.  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).  Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it.  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

### B.    Application

The court is recommending dismissal of this action for, among other things, lack of subject matter jurisdiction.  Thus, any dismissal must be without prejudice.  *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018).  This court has serious doubts about whether plaintiff can amend to assert any form of federal jurisdiction over the situation that plaintiff describes in his complaint.  As there appears no basis for plaintiff to raise his claims against SJH and Benedict in federal court, the court should not allow plaintiff to amend, notwithstanding a dismissal without prejudice.  Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No.

1:11-CV-0637(GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the court recommends dismissal without leave to amend.

## VII. Motion for Counsel

### A. Legal Standards

Plaintiffs bringing civil actions have no constitutional right to the appointment of counsel. *See, e.g., United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). However, pursuant to 28 U.S.C. § 1915(e), the court may request an attorney to represent an indigent party. 28 U.S.C. § 1915(e)(1) (authorizing the court to "request an attorney to represent any person unable to afford counsel."). Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v.*

9

*O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621). The Court must consider the issue of appointment carefully because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).

### B. Application

Given the court's recommendation that the complaint be dismissed for failure to state a viable federal claim or otherwise establish subject matter jurisdiction, plaintiff has failed to satisfy the threshold requirement of "substance" and his request for counsel should thus be denied. However, even if plaintiff's complaint survived the court's initial review, plaintiff's motion for court appointed counsel is still subject to dismissal based on its prematurity and plaintiff's failure to satisfy the *Hodge* factors in any meaningful way. For example, plaintiff states in his motion that he will "go pro se if needed," and concedes he can "do discovery by [him]self." (Dkt. No. 3 at 1). Plaintiff has otherwise presented no "special reason" why appointment of counsel would be more likely to lead to a just determination at this time. Accordingly, plaintiff's motion for appointment of counsel is alternatively denied as premature.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED FOR PURPOSES OF FILING ONLY**, and it is

**ORDERED,** that plaintiff's motion for court appointed counsel (Dkt. No. 3) is **DENIED**, and it is

**RECOMMENDED**, that this action be **DISMISSED WITHOUT PREJUDICE**, but without the opportunity for amendment, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 4, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge